UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Edward Arnold Septon,

        Defendant.

Criminal No. 07-272(1) (JNE/AJB)
Civil No. 10-1985 (JNE)
ORDER

This case is before the Court on Edward Arnold Septon's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (2006 & Supp. II 2008). For the reasons set forth below, the Court denies the motion. In addition, because the record conclusively shows that Septon is not entitled to relief under § 2255, the Court denies the motion without a hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

## I.    BACKGROUND

In September 2007, Septon pleaded guilty to bank fraud and conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 371, 1344 (2006). In the plea agreement, the parties stipulated to a total offense level of 24, a criminal history category of I, and a guideline imprisonment range of 51 to 63 months. The government also stipulated that enhancements for sophisticated means and abuse of position of trust did not apply. The parties agreed that the stipulations were binding on the parties but not on the Court, that neither party could withdraw from the plea agreement if the Court's findings differed from the stipulations, and that Septon would be sentenced pursuant to the Court's determinations. Septon waived his right to appeal the length of his sentence unless it exceeded 78 months.

The presentence investigation report recommended enhancements for sophisticated means and abuse of position of trust. The government and Septon objected to those

1

enhancements. At the sentencing hearing on May 28, 2008, the Court found that the enhancements for sophisticated means and abuse of position of trust applied, resulting in a guidelines range of 78 to 97 months' imprisonment. The Court varied downward and imposed a sentence of 70 months' imprisonment.

Septon appealed his sentence to the United States Court of Appeals for the Eighth Circuit. On appeal, the government supported the Court's determinations as to sophisticated means and abuse of position of trust. Septon did not argue during the appeal that the government breached the plea agreement by supporting those determinations. He now alleges that the Eighth Circuit asked at oral argument whether the government was judicially estopped from taking a position as to those enhancements that was contrary to the stipulation. Nevertheless, the Eighth Circuit affirmed the Court's application of the enhancements for sophisticated means and abuse of position of trust. *United States v. Septon*, 557 F.3d 934 (8th Cir. 2009). On May 6, 2010, Septon timely filed this § 2255 petition alleging that the government breached the plea agreement by supporting the enhancements on appeal and that he received ineffective assistance of counsel based on appellate counsel's failure to argue such breach.[1]

## II. DISCUSSION

### A. Procedural default

The government contends that Septon waived his argument regarding breach of the plea agreement by failing to raise it on direct appeal. A defendant's failure to raise an issue on direct appeal constitutes a procedural default barring him from raising it for the first time in a § 2255 motion. *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). A defendant may,

---

[1] Septon also filed a motion for leave to amend his § 2255 motion to include a declaration attached to his reply memorandum and a motion for judicial notice of the plea agreement entered in *United States v. Winters*, Criminal No. 03-50063 (D.S.D. May 7, 2004). The Court grants the motions for judicial notice and leave to amend.

however, overcome a procedural default if he can show both (1) a cause that excuses the default and (2) actual prejudice from the alleged error. *Id.* "[A] showing of ineffective assistance of counsel satisfies both cause and prejudice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Here, Septon has alleged ineffective assistance of counsel based on his appellate counsel's failure to assert that the government breached the plea agreement on direct appeal.[2]

## B. Ineffective assistance of counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "More specifically, the petitioner must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005).

The government contends that the failure to assert a breach of the plea agreement on appeal did not constitute ineffective assistance because *United States v. Winters*, 411 F.3d 967, 975 (8th Cir. 2005), foreclosed such an argument. In *Winters*, the defendant and government stipulated in the plea agreement that two sentences should run concurrently. 411 F.3d at 975. On appeal, the government supported the district court's imposition of consecutive rather than concurrent sentences. *Id.* The Eighth Circuit concluded the government's defense of the consecutive sentences was not a breach of the plea agreement because the plea agreement provided that the district court was not bound to follow any recommendations made by the government, the government had complied with its contractual obligation to recommend

---

[2] Septon argues that the "cause and prejudice" requirement does not apply to a breach of a plea agreement on appeal. Even if it does not, Septon's claim fails on the merits.

3

concurrent sentences to the district court, and the only provisions in the plea agreements discussing appeals were the provisions under which the defendant waived his right to appeal. *Id.* Here, Septon admits that the government "faithfully adhered" to the plea agreement at sentencing, the plea agreement stated that the parties' stipulations were not binding on the Court, and the only provision in the plea agreement relating to appeals was the provision under which Septon waived his right to appeal the length of his sentence unless it exceeded 78 months.

Septon seeks to distinguish *Winters* on two grounds. First, *Winters* involved a recommendation rather than a stipulation, and second, the plea agreement in *Winters* included a sentence in the "Recommendation(s) Regarding Sentence" section reserving the government's right "to make objections to the presentence report and to rebut or clarify matters raised by the defendant in mitigation of his sentence, if the United States deems same to be misleading."[3] This argument is unpersuasive because the Eighth Circuit did not rely on either fact when finding no breach. Because *Winters* foreclosed the argument that the government breached the plea agreement on appeal, appellate counsel's failure to argue breach of the plea agreement on appeal did not fall below an objective standard of reasonableness. *See Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009) ("It is not ineffective assistance of counsel to withdraw objections that have no support in the law."). Septon's ineffective assistance claim therefore fails because he has not satisfied the first part of the *Strickland* test.

Septon also has not satisfied the second part of the *Strickland* test. Based on Septon's representation of the Eighth Circuit's questions during oral argument, the appellate court

---

[3] Septon cites a number of civil cases in support of his argument that the government breached the plea agreement. None of those cases address whether a stipulation entered into for sentencing purposes in a criminal case is binding on the government on appeal. Septon's reliance on *Margalli-Olvera v. I.N.S.*, 43 F.3d 345, 354 (8th Cir. 1994), is similarly misplaced because the plea agreement at issue in *Margalli-Olvera* stated that "the United States will remain silent regarding deportation." Septon's plea agreement contained no similar language relating to Sentencing Guidelines enhancements.

4

considered the government's change in position on appeal but still affirmed the enhancements. Consequently, Septon has not shown a reasonable probability that the result of his appeal would have been different had his appellate counsel argued that the government's defense of the enhancements on appeal was a breach of the plea agreement. The Court therefore rejects Septon's claim of ineffective assistance of counsel.

C. **Septon's appeal waiver**

Even if it were not procedurally barred and foreclosed by *Winters*, Septon's claim of breach of the plea agreement would not provide a basis for granting his § 2255 petition. A claim that the government breached a plea agreement implicates a defendant's due process rights. *See United States v. Martin*, 25 F.3d 211, 217 (4th Cir. 1994). To merit relief on a habeas petition, however, the breach must be material or substantial. *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006). Plea agreements are interpreted as contracts and any ambiguities are construed against the government. *United States v. Nguyen*, 608 F.3d 368, 373 (8th Cir. 2010).

Several facts lead to the conclusion that Septon's claim of breach of the plea agreement could not succeed even if it were not procedurally barred and foreclosed by *Winters*. The Sentencing Guidelines are advisory, not mandatory. As demonstrated by the downward variance to a sentence of 70 months from the guidelines range of 78 to 97 months, the Court took the factors set forth in 18 U.S.C. § 3553(a) (2006) into account when determining the appropriate sentence. Septon's appeal of the application of the enhancements for sophisticated means and abuse of position of trust was effectively a challenge to the length of his sentence, which was based on the Sentencing Guidelines and the § 3553(a) factors. Otherwise, his appeal would have been an academic exercise. Septon, however, waived his appeal rights unless the sentence imposed was in excess of 78 months—which it was not. Therefore, the alleged breach of the plea agreement by the government at Septon's appeal was not material or substantial because he

5

had no right to appeal his 70-month sentence. (In fact, Septon's appeal itself likely was a breach of the plea agreement.) For these reasons, the alleged breach of the plea agreement by the government on appeal, even if not procedurally barred and foreclosed by *Winters*, would not provide a basis for granting Septon's § 2255 petition.

**D.     Certificate of Appealability**

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a district court rejects claims on procedural grounds, a certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Septon has not demonstrated that reasonable jurists would find the rejection of his claims debatable or wrong. The Court therefore declines to grant him a certificate of appealability.

### III.     CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.     Septon's motion for judicial notice [Docket No. 134 in Criminal No. 07-272(1)] is GRANTED.

6

2. Septon's motion for leave to amend [Docket No. 135 in Criminal No. 07-272(1)] is GRANTED.

3. Septon's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docket No. 119 in Criminal No. 07-272(1)] is DENIED.

4. Septon is not entitled to a certificate of appealability.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 3, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge